Tilzeb, J.
(dissenting). This is the second appeal to this court involving a $500 check given to the defendant for a debt. On the prior appeal, as well as on the present, there was before the trial court the defendant’s testimony that the maker of the check had disappeared. Regardless, however, of whether the defendant changed his position, the loss should be left where it fell. "When the bank paid this check believing that its depositor had funds to meet it, despite the stamp appearing on the check that it had previously been returned for insufficient funds, the mistake was that of the bank. Its representatives were in a position to know the facts, and they were bound by business and banking practices, which require them to act for the plaintiff accordingly and at its peril. To permit the plaintiff to rescind the transaction would reverse the rule of commercial law (Oddie v. National City Bank of N. Y., 45 N. Y. 735; Bankers Trust Co. v. Wells, 215 App. Div. 343; Consolidated Nat. Bank of N. Y. v. First Nat. Bank of Middletown, 129 App. Div. 538, 540; Riverside Bank v. First Nat. Bank of Shenandoah, 74 F. 276, 278; National Bank of N. J. v. Berrall, 70 N. J. L. 757; Manufacturers’ Nat. Bank of Baltimore v. Swift, 70 Md. 515, 520).
The judgment should be affirmed, with $25 costs.
Hofstadteb, J. P., and Steueb, J., concur in Per Curiam opinion; Tilzeb, J., dissents in memorandum.
Judgment reversed, etc.